# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JEFF NEWMAN,

    Plaintiff,

vs.

HERNIA MESH COMPANY,

    Defendant.

No. C17-0076-LTS

**INITIAL REVIEW ORDER**

## I. INTRODUCTION

This case is before me on plaintiff's application to proceed in forma pauperis (Doc. No. 1), filed July 10, 2017. Along with his application, plaintiff submitted a complaint under 42 U.S.C. § 1983 (Doc. No. 1-1).

## II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). Based on plaintiff's application, it is clear that plaintiff does not have sufficient funds to pay the required filing fee. Thus, plaintiff's application to proceed in forma pauperis status is granted. *See generally* 28 U.S.C. § 1915. The clerk's office is directed to file plaintiff's complaint without the prepayment of fees and costs.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because I deemed it appropriate to grant plaintiff in forma pauperis status, plaintiff is required to pay the full filing fee by making payments on an installment basis. *See* 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). Based on the information that plaintiff provided, I find that the initial partial filing fee is $6.31. *Id*. Plaintiff is directed to submit $6.31 by no later than August 11, 2017. *Id*. If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fee, the institution having custody of plaintiff is directed to collect the remaining installments. *Id*. The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

### *III. STANDARD OF REVIEW*

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that, although pro se complaints must be liberally construed, they must allege sufficient facts to support the claims that are advanced). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490

3

U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV.  COMPLAINT

Plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to his confinement. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper. The statement of claim portion of the complaint indicates the following:

> I went to Iowa City Hospital and they did surgery on me plus put the hernia mesh in my umbilical cord navel and my stomach. . . . Years have went by since the hernia mesh implant surgery. Now, when I squat where the hernia mesh surgery was done, my stomach hurt[s] plus, when I poop, it hurts every now and then.

Additionally, plaintiff, among other things, makes clear in his statement of claim attachment that he believes his constitutional rights have been violated by the Hernia Mesh Company as a result of its failure to provide information about its surgical mesh and/or malpractice and explains why he believes compensatory and punitive damages should be awarded. As relief, plaintiff states that he wants to be awarded $1,000,000 in compensatory damages and $1,000,000 in food stamps. Plaintiff also asks that he be referred to a company or doctor that knows how to fix his stomach implant problem.

## V.  ANALYSIS
### A.  Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the

4

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

It is clear that "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974)); *see also Youngblood v. Hy-Vee Food Stores,*

5

*Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983." (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970))); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (explaining that "§ 1983 secures most constitutional rights from infringement by governments, not private parties"). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n*, 713 F.2d 414, 415 (8th Cir. 1983); *see also Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740 (8th Cir. 1999) (concluding that a plaintiff could not assert equal protection claims under 42 U.S.C. § 1983 because a private corporation was not a state actor).

A private party, however, can be held liable under 42 U.S.C. § 1983 if it acts under color of state law. *See Crumpley-Patterson*, 388 F.3d at 590. Acts of a private party are "fairly attributable to the State" so as to be deemed under "color of state law" for 42 U.S.C. § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson*, 419 U.S. at 351). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . . [even though] the regulation is extensive and detailed." *Jackson*, 419 U.S. at 350.

Given the alleged facts, I find that plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. Plaintiff fails to aver that defendant was a state actor or acting under color of state law when his rights were allegedly violated; plaintiff's allegations do not establish state action. Defendant is a private company, and its conduct may not be fairly attributed to the State. *Cf. Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 866-67 (8th Cir. 1983) (stating that "[m]any decisions in our society, right or wrong, simply must be left to the good judgment and discretion of private individuals, including

physicians and other professionals, subject to whatever statutes or regulations may validly be issued by one or another level of government" and concluding that no state action existed); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to private individual did not show that state action was involved). Because defendant cannot be considered a state actor so as to invoke federal jurisdiction under 42 U.S.C. § 1983, plaintiff fails to state a claim upon which relief can be granted.

Moreover, "[liability under 42 U.S.C. § 1983 may be imposed] for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). An inadequate medical care claim is governed by the Eighth Amendment deliberate-indifference standard. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. *See id*. at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference. [*Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014)] (quoting [*Jolly*, 205 F.3d at 1096]).

*Id*. at 1065; *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

Plaintiff acknowledges that he received medical treatment, including a surgery years ago, and merely alleges product liability and/or medical malpractice. But, it is

7

well-established that mere disagreement with the treatment received does not constitute deliberate indifference. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *Vonoczky v. Hedrick*, 44 F. App'x 41, 42 (8th Cir. 2002) (finding that record established treatment of, not deliberate indifference to, plaintiff's medical conditions); *Jolly v. Knudsen*, 205 F.3d 1094, 1096-97 (8th Cir. 2000) (finding efforts to treat condition did not constitute deliberate indifference); *Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997) (concluding that doctors' efforts to alleviate pain, while perhaps not as extensive as those a private-healthcare provider might have taken, did not reflect deliberate indifference to plaintiff's medical needs); *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996) (holding that inmate's dissatisfaction with the psychological treatment he was receiving was insufficient to establish an Eighth Amendment violation); *Camberos v. Branstad*, 73 F.3d 174, 177 (8th Cir. 1995) (concluding that thorough care did not support a finding of deliberate indifference); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (holding that disagreement as to the proper course of treatment of inmate's psychiatric condition was not actionable under the Eighth Amendment); *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994) (holding that inmate's desire for a replacement joint instead of fusion surgery was "merely a disagreement with the course of medical treatment and does not state a constitutional claim"); *Czajka v. Caspari*, 995 F.2d 870, 871 (8th Cir. 1993) (finding that prisoner's disagreement with prison doctor about delaying surgery did not state a valid Eighth Amendment claim); *Fletcher v. Butts*, 994 F.2d 548, 549 (8th Cir. 1993) (holding that conservative treatment did not establish deliberate indifference); *Lair v. Ogelsby*, 859 F.2d 605, 606 (8th Cir. 1988) (stating that mere disagreement about which medication should have been prescribed does not constitute an Eighth Amendment violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (holding that

prisoner's disagreement about treatment of pain in his lower back and arm did not constitute an Eighth Amendment violation); *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981) (finding that mere disagreement over diagnosis and medication involving back and joint pain did not constitute an Eighth Amendment violation); *Cognato v. Ciccone*, 558 F.2d 512, 513 (8th Cir. 1977) (concluding that prisoner's disagreement over medication did not raise a claim under the Eighth Amendment); *Seward v. Hutto*, 525 F.2d 1024, 1024-25 (8th Cir. 1975) (holding that prisoner's disagreement over diagnosis did not state an Eighth Amendment claim). Because plaintiff is dissatisfied with the result of his surgery and acknowledges that he is receiving pain pills when his stomach hurts, he fails to state a claim upon which relief can be granted.

## *VI. CONCLUSION*

For the reasons set forth herein, plaintiff's complaint must be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because I deem it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action counts against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) Plaintiff's application to proceed in forma pauperis (Doc. No. 1) is **granted**.

(2) The clerk's office is directed to file the complaint (docket no. 1-1) as a new entry without the prepayment of the filing fee.

(3) Plaintiff is directed to submit an initial partial filing of $6.31 by no later than August 11, 2017. If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after plaintiff pays the initial partial filing fee, the institution having custody of plaintiff is directed to collect and remit monthly payments in the manner set forth in 28

U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

(5) Plaintiff's 42 U.S.C. § 1983 action is **dismissed** pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of this case counts against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The clerk's office is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATED** this 13th day of July, 2017.

_____
Leonard T. Strand, Chief Judge

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jeff Newman, #6934526, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Newman v. Hernia Mesh Company*, Case No. C17-0076-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $6.31, which the inmate must pay now to the clerk of court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after plaintiff pays the initial partial filing fee of $6.31, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

By: /s/ des, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa